**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERTO SAUL PEREZ ANGELES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-7167** |
| | : | |
| **SECRETARY MARKWAYNE MULLIN, ACTING ATTONEY GEN. TODD BLANCHE, ICE PHILADELPHIA FOD BRIAN MCSHANE, DIRECTOR DAVID J. VENTURELLA** | : | |

# ORDER

**AND NOW**, this 22nd day of September 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for over twenty-one years, Respondents' Answer (ECF 5) opposing release while confirming the incarcerated man will have his requested bond hearing on September 23, 2026 (ECF 5-5) but not showing Respondents afforded Petitioner notice and an opportunity to demonstrate release would not pose a danger to property or persons and Petitioner is likely to appear for any future proceedings including tomorrow's scheduled bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Roberto Saul Perez Angeles is not today subject to detention under 8 U.S.C. § 1226(a) without Respondents showing it afforded Petitioner pre-custodial notice of his ability to demonstrate he would not pose a danger to property or persons and Petitioner is likely to appear for future proceedings;

2. Respondents shall **forthwith** release Roberto Saul Perez Angeles from federal custody no later than **4:00 PM EST** on **September 22, 2026** and shall confirm their strict

compliance with today's Order through a Certification of Respondents' counsel filed no later than **6:00 PM EST** on **September 22, 2026**;

3. Petitioner remains obligated to timely appear for his scheduled bond hearing and nothing in today's Order addresses the Immigration Court's review of arguments during the imminent bond hearing;

4. Respondents are temporarily enjoined from re-detaining Roberto Saul Perez Angeles until no earlier than **October 6, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Perez Angeles with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

5. Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Perez Angeles from the Eastern District of Pennsylvania before an ordered bond hearing absent further Order, but if a duly authorized under law immigration judge with jurisdiction finds Petitioner is subject to detention under section 1226(a) after affording due process notice, the United States may seek leave before us to remove Petitioner from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Petitioner; and,

6. The Clerk of Court **CLOSE** this case.[1]

**KEARNEY, J.**

[1] Immigration and Customs Enforcement arrested Roberto Saul Perez Angeles and detained him without notice on September 15, 2026. ECF 1 at ¶ 5. The parties agree the Respondents detained Mr. Perez under 8 U.S.C. § 1226(a). *Id.* ¶ 21; ECF 5 at 1. The Respondents must afford Mr. Perez a bond hearing before an Immigration Judge. *I.K. v. Jamison*, No. 26-3719, Order (ECF 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Perez requested an Immigration Judge review his custody

determination when Respondents detained him. ECF 5-3. The Immigration Court scheduled a hearing on Mr. Perez's bond application on Wednesday, September 23, 2026. ECFs 5-4, 5-5.

Mr. Perez petitions for habeas relief awaiting his bond hearing urging the exercise of discretion in detaining him (absent further proof) violates the Constitution, the Immigration and Nationality Act, and the Administrative Procedure Act. ECF 1. The United States opposes arguing Mr. Perez must exhaust his administrative requirements, his substantiative and procedural due process rights are not harmed, and his Administrative Procedure Act is not compelling because Mr. Perez did not "identify any reviewable action…" ECF 5 at 1–2. The United States notes Mr. Perez is scheduled for a bond hearing on September 23, 2026. *Id.* at 3.

The bond hearing addresses Mr. Perez's custody. The question before us today is what process the Respondents owed Mr. Perez before the bond hearing including whether custody is consistent with the Respondents' discretion to either detain him pending his bond hearing. The Respondents argue neither Congress in section 1226(a) nor the regulations issued thereunder afford some form of pre-seizure determination before custody. We agree in part; Congress did not specifically identify a need for a pre-deprivation liberty determination in section 1226(a). But the regulations governing Respondents' discretion under section 1226(a) afford Mr. Perez the opportunity to demonstrate "release would not pose a danger to property or persons" and Mr. Perez "is likely to appear for" his bond hearing. 8 C.F.R. § 1236.1(c)(8). The Respondents do not address how we are to ignore these regulations.

We recognize (as do Respondents) our colleagues differ on the due process rights when the Respondents exercise discretion under section 1226(a). Judge Diamond denied a Petition for habeas relief when Petitioner challenged detention under section 1226(a), and an Immigration Judge scheduled a bond hearing for eleven days after Immigration and Customs Enforcement (ICE) detained Petitioner. *I.K.*, No. 26-3719 at Order (ECF 10). Judge Diamond found Petitioner had not exhausted his administrative remedies. *Id.* And Judge Leeson denied a Petition for habeas relief under similar facts. *See Piatukho v. Jamison*, No. 26-6413, Opinion (ECF 8) (Sep. 15, 2026) (Leeson, J.). Chief Judge Beetlestone denied a Petition for habeas relief finding Petitioner had not exhausted his administrative remedies when he had not requested a bond hearing. *Pereira de Sousa v. Jamison*, No. 26-4797, Memorandum (ECF 8), (July 21, 2026) (Beetlestone, C.J.).

We recognize three of our colleagues thoughtfully found detention is not authorized under section 1226(a). Chief Judge Beetlestone last week granted habeas relief finding detention under section 1226(a) is discretionary and the United States had not made an individualized bond determination. *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528 *3–5 (E.D. Pa. Sep 16, 2026). Chief Judge Beetlestone focused, along with Judge Sánchez in an earlier case, on the lack of criminal history or dangerousness concern consistent with 8 C.F.R. § 1236.1(c)(8). The United States argues this analysis is inappropriate under a section 1226(a) discretionary abstention; it argues neither Congress nor the administrative agencies require a finding of dangerousness on an individual basis under section 1226(a). The petitioner before Chief Judge Beetlestone seemingly had no criminal history and regularly appeared for routine check-ins at the Philadelphia field office of the Department of Homeland Security. *Id.* Judge Sánchez similarly granted a Petition for habeas relief finding the facts before him "bereft of a reasoned finding that Petitioner is dangerous or a

flight risk, or unsuitable for conditions short of detention." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026) (Sánchez, J.).

Judge Rufe likewise granted habeas relief last week under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained before the United States exercises discretion to detain a non-citizen it must make an individualized custody determination regarding "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id*. at *4. The United States cannot exercise discretion and detain a non-citizen based solely on immigration status. *Id*. at *5. Judge Rufe next reviewed the Supreme Court's three factor analysis from *Mathews v. Eldridge* finding the United States did not meet its obligation to provide petitioner procedural due process. *Id.* at 4 (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)).

We are also guided by Judge Ho's earlier analysis in *Lopez Benitez v. Francis*. 795 F.Supp.3d 475, 492–495 (S.D.N.Y. 2025). Judge Ho explained reading section 1226(a) as Congress requiring the United States to make an individualized assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: 1) it does not make sense to provide individuals an opportunity to challenge their detention before an immigration judge unless detention is based on an individualized assessment of dangerousness or flight risk; and 2) Congress's carve out in section 1226(c) for disfavored [criminal] non-citizens is unnecessary if it authorizes under section 1226(a) the categorical detention of any non-citizen. *Id*. at 493–94.

Mr. Perez's detention today before a bond hearing process– even for another day – cannot withstand due process scrutiny on the record before us. Mr. Perez has the right to demonstrate to the immigration officer issuing the warrant his release does not pose a danger to property or persons and he is likely to appear for any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find due process requires, at a minimum, the Respondents provide Mr. Perez with notice of this right to demonstrate grounds for his release pending a bond hearing and then exercise discretion after hearing from Mr. Perez. The Respondents can then note their notice of this right and their findings before custody. We have no basis to today find the Respondents offered this notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us.